**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| CHARLES BALLARD, | : | Case No. 3:25-cv-00306 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| UNITED STATES CONGRESS, | : | |
| | : | |
| Defendant. | : | |

---

### ORDER

---

Plaintiff Charles Ballard has sued the United States Congress, alleging that the Reapportionment Act of 1929,[1] which caps the number of seats in the United States House of Representatives at 435, is unconstitutional. (*See* Complaint, Doc. No. 7.) The case is in its early stages; Defendant has not appeared.

Three *pro se* filings are currently pending in the case. First, Plaintiff's "Request for Relief" asks the Court to grant the relief sought in the Complaint. (Doc. No. 11.) This motion is **DENIED** because it is premature. As the undersigned Magistrate Judge recently explained, completion of service of process is the next step in this case. (*See*

---

[1] Plaintiff may be referring to the Permanent Apportionment Act of 1929, P.L. 71-13, June 18, 1929, 26 Stat. 21, Ch. 28. *See* https://history.house.gov/Historical-Highlights/1901-1950/The-Permanent-Apportionment-Act-of-1929/; https://www.congress.gov/crs_external_products/R/HTML/R45951.web.html#_Toc88641239 (last visited May 7, 2026). *See also* 2 U.S.C. § 2a (titled "Reapportionment of Representatives; time and manner; existing decennial census figures as basis; statement by President; duty of clerk"); *Branch v. Smith*, 538 U.S. 254, 266 (2003) ("Congress in 1929 enacted the current statutory scheme governing apportionment of the House of Representatives [pursuant to Article I, § 4, cl. 1, of the Constitution]. 2 U.S.C. §§ 2a(a), (b).").

Order Concerning Service, Doc. No. 10 [extending the deadline for service of process under Fed. R. Civ. P. 4(m) to May 27, 2026].)

Next, Plaintiff filed a "Revised Statement of Facts and Core Allegations." (Doc. No. 12.) The Clerk of Court is **DIRECTED** to **STRIKE** this statement from the docket because it is not a pleading permitted by the Federal Rules of Civil Procedure. Plaintiff may, however, file an Amended Complaint if he intends to modify the claim(s) raised in his Complaint. *See* Fed. R. Civ. P. 15(a)(1) (allowing plaintiffs to amend their complaint *once* as a matter of course at certain times, and requiring leave of court for additional amendments).

Finally, Plaintiff's "Renewed Motion for Expedited Hearing" seeks "an expedited hearing on Plaintiff's constitutional claims and any related request for declaratory and injunctive relief." (Doc. No. 13 at PageID 49.) It appears that Plaintiff is seeking to resolve the merits of the case quickly, rather than requesting a hearing on any particular pending motion. (Doc. No. 13.) No previous motion for a hearing appears on the docket, and no other motions are pending.

In this motion, Plaintiff asserts that

congressional redistricting activity is underway in multiple states ahead of the 2026 elections, Ohio has already adopted a new congressional map for the 2026 cycle, and … Ohio should be required to conform its representation structure to the Constitution's actual numerical language before further elections proceed under an unconstitutional ratio.

(*Id.*) This motion is also premature and is **DENIED** without prejudice. (Doc. No. 13.) The Court will proceed in due course once service is complete and Defendant appears in the case.

**IT IS SO ORDERED.**

/s/ *Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

3